SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Ryan R. Tikker (SBN 312860)
rtikker@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
UNITED HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHELLE TABLOT, EMSURGCARE, and EMERGENCY SURGICAL ASSISTANT,<br><br>               Plaintiffs,<br><br>        v.<br><br>PYURE BRANDS LLC WELFARE BENEFIT PLAN, PYURE BRANDS LLC, UNITED HEALTHCARE SERVICES, INC., and DOES 1-10,<br>               Defendants. | Case No. 23-cv-06137-SB-PVC<br><br>**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFFS' QUANTUM MERUIT CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6) AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Amended Complaint: September 1, 2023<br><br>Date: October 20, 2023<br>Time: 8:30 a.m.<br>Place: U.S. Courthouse, 350 West 1st Street, Los Angeles, California 90012, Courtroom 6C<br><br>[*Filed concurrently with Declaration of Kathleen C. Slaught, Declaration of Jane Stalinski, Request for Judicial Notice, and [Proposed] Orders*] |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 20, 2023 at 8:30 a.m., or as soon thereafter as this matter may be heard before the Honorable Stanley Blumenfeld, Jr. of the above-entitled Court, located at First Street Courthouse, 350 W. 1st Street, Courtroom 6C, 10th Floor, Los Angeles, California 90012, Defendant United HealthCare Services, Inc. ("United") moves this Court to dismiss with prejudice the quantum meruit claim in the Second Amended Complaint ("SAC") (Dkt. No. 17) filed by Plaintiffs Richelle Talbot, Emsurgcare, and Emergency Surgical Assistant (collectively, "Plaintiffs").  United therefore moves in part, as this is a dispute governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and dismissing the quantum meruit claim, which is asserted in the alternative to an ERISA claim, will streamline resolution on the merits.

United bases its motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations in Support, Request for Judicial Notice and exhibits thereto, the pleadings in this action, and such other materials and evidence as may be presented to the Court.

This application is made following a L.R. 7-3 conference of counsel on August 25, 2023, and again on September 8, 2023.  (*See* Declaration of Kathleen Cahill Slaught ("Slaught Decl.") ¶¶ 2-8).  Prior to the conference of counsel on August 25, 2023, United informed Plaintiffs of the arguments set forth in this motion.  (*Id.* ¶ 3.)  United proposed a stipulation to resolve the need for this motion.  (*Id.* ¶ 4.)  United further provided proof to Plaintiffs—the operative ERISA-governed health plan, which provides the name of the claims administrator as relevant to resolving the quantum meruit claim as pleaded by Plaintiffs—in advance of the conference of counsel.  (*Id.* ¶ 5.)  After the conference of counsel, United summarized the conferral and restated the grounds for this motion, which also included ERISA preemption and the fact that United is not a Health Care Service Plan governed by the Knox-Keene Act.  (*Id.* ¶ 6.)  United was diligent in its

PARTIAL MOTION TO DISMISS PLAINTIFFS' SAC

efforts to confer to avoid this motion, however, Plaintiffs have not agreed to dismiss their quantum meruit claim.  (*Id.* ¶¶ 2-8.)

Plaintiffs' quantum meruit claim should be dismissed on the following grounds: (1) the Knox-Keene Act is inapplicable; (2) it is expressly preempted by ERISA; and (3) Plaintiffs' SAC lacks factual allegations to state a cognizable quantum meruit claim.

United respectfully requests that this Court dismiss Plaintiffs' quantum meruit claim with prejudice.  If the Court dismisses Plaintiffs' quantum meruit claim, United seeks an order striking the jury demand for this ERISA matter.

DATED:  September 15, 2023                    Respectfully submitted,

SEYFARTH SHAW LLP


By:*/s/ Kathleen Cahill Slaught*
      Kathleen Cahill Slaught
      Ryan R. Tikker

      Attorneys for Defendant
      UNITED HEALTHCARE SERVICES, INC.

3

PARTIAL MOTION TO DISMISS PLAINTIFFS' SAC

# **TABLE OF CONTENTS**

I.      PRE-MOTION CONFERRAL AND DILIGENCE.................................................1

II.     INTRODUCTION ...............................................................................................1

III.    BRIEF BACKGROUND AND ALLEGATIONS ...................................................2

IV.     ARGUMENT........................................................................................................3

        A.      Standard of Review. ................................................................................3

        B.      Plaintiffs' Quantum Meruit Claim Should Be Dismissed with
                Prejudice. .................................................................................................4

                1.      Plaintiffs' Reliance On The Knox-Keene Act Is Misplaced. ..............5

                2.      Plaintiffs' Quantum Meruit Claim Is Preempted By ERISA. .............6

                3.      Plaintiffs Do Not Allege Facts Establishing A Common Law
                        Quantum Meruit Claim. ........................................................................8

V.      CONCLUSION....................................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.*,
   662 F.3d 376 (5th Cir. 2011) ....................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................. 3, 4

*Ata Mazaheri, M.D., Inc. v. UnitedHealthcare Ins. Co.*,
   2023 WL 5167362 (C.D. Cal. July 10, 2023) ........................................... 5, 6

*Barlow Respiratory Hospital v. Cigna Health & Life Insurance Company*,
   2016 WL 7626446 (C.D. Cal. Sept. 30, 2016) ............................................. 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................... 3

*California Surgery Ctr, Inc. v. UnitedHealthcare, Inc.*,
   No. 2021 WL 4196976 (C.D. Cal. Sept. 15, 2021) ...................................... 8

*Cleghorn v. Blue Shield of Cal.*,
   408 F.3d 1222 (9th Cir. 2005) ...................................................................... 8

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ...................................................................... 4

*Epstein v. Wash. Energy Co.*,
   83 F.3d 1136 (9th Cir. 1996) ........................................................................ 3

*Fifth Third Bancorp v. Dudenhoeffer*,
   573 U.S. 409 (2014) ...................................................................................... 3

*Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.*,
   2013 WL 11323600 (C.D. Cal. Mar. 12, 2013) ............................................ 7

*Hewlett-Packard Co. v. Barnes*,
   425 F. Supp. 1294 (N.D. Cal. 1977), *aff'd*, 571 F.2d 502 (9th Cir. 1978) ................. 6

*Josef K. v. Cal Physicians' Serv.*,
   2019 WL 2342245 (N.D. Cal. June 3, 2019) ................................................ 8

*Korman v. ILWU-PMA Claims Off.*,
  2019 WL 1324021 (C.D. Cal. Mar. 19, 2019).................................................................... 7

*Namdy Consulting Inc. v. UnitedHealthcare Ins. Co.*,
  2018 WL 6507890 (C.D. Cal. Dec. 7, 2018)............................................................... 5, 8

*Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc.*,
  2021 WL 2139416 (C.D. Cal. May 26, 2021)................................................................. 5

*Sender v. Franklin Res., Inc.*,
  2011 WL 5006460 (N.D. Cal. Oct. 20, 2011) ............................................................... 8

*Sgro v. Danone Waters of N. Am., Inc.*,
  532 F.3d 940 (9th Cir. 2008) ........................................................................................ 4

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275
  F.3d 1187 (9th Cir. 2001) ............................................................................................. 4

*Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*,
  2017 WL 4517111 (N.D. Cal. Oct. 10, 2017) ............................................................... 8

*Summit Estate v. United Healthcare Ins. Co.*,
  2020 WL 5436655 (N.D. Cal. Sept. 10, 2020)............................................................... 7

*Thomas v. Oregon Fruit Products Co.*,
  228 F.3d 991 (9th Cir. 2000) ........................................................................................ 9

*Tingey v. Pixley-Richards West, Inc.*,
  953 F.2d 1124 (9th Cir. 1992) ...................................................................................... 7

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ........................................................................................ 4

*Vrijesh S. Tantuwaya MD, Inc. v. Anthem Blue Cross Life & Health Ins. Co.*,
  169 F. Supp. 3d 1058 (S.D. Cal. 2016)......................................................................... 7

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ........................................................................................ 3

*Wise v. Verizon Comm'ns Inc.*,
  600 F.3d 1180 (9th Cir. 2010) ...................................................................................... 8

iii

**State Cases**

*Bell v. Blue Cross of California*,
   131 Cal. App. 4th 211 (2005) ................................................................................ 5

*Day v. Alta Bates Med. Ctr.*,
   98 Cal. App. 4th 243 (2002) ................................................................................ 4

*Huskinson & Brown v. Wolf*,
   32 Cal. 4th 453 (2004) ......................................................................................... 4

*Port Med Wellness, Inc. v. Conn. Gen. Life Ins. Co.*,
   24 Cal. App. 5th 153 (2018) ................................................................................ 4

*Smith v. PacifiCare Behavioral Health of Cal., Inc.*,
   93 Cal. App. 4th 139 (2001) ................................................................................ 5

PARTIAL MOTION TO DISMISS PLAINTIFFS' SAC

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  PRE-MOTION CONFERRAL AND DILIGENCE**

Prior to the conference of counsel on August 25, 2023, United informed Plaintiffs of the arguments set forth in this motion.  (Slaught Decl. ¶ 3.)  United proposed a stipulation to resolve the need for this motion and to allow this ERISA benefits dispute to proceed in a normal, expedited course.  (*Id.* ¶ 4.)  United also provided proof to Plaintiffs—the operative ERISA-governed health plan, which provides the name of the claims administrator as relevant to resolving Plaintiffs' quantum meruit claim—in advance of the conference of counsel.  (*Id.* ¶ 5.)  After the conference of counsel, United summarized the conferral and restated the grounds for this motion, which included ERISA preemption and the fact that United is not a Health Care Service Plan governed by the Knox-Keene Act.  (*Id.* ¶ 6.)  Plaintiffs cured certain deficiencies outlined in the Parties' meet and confer, but disagreed that their quantum meruit claim should be dismissed.  (*Id.* ¶ 7.)  United has been diligent in its efforts to confer to avoid this motion, however, Plaintiffs have not agreed to dismiss their quantum meruit claim.  (*Id*. ¶ 8.)  Plaintiffs seek to frustrate the purpose of ERISA by proceeding on their deficient quantum meruit claim in tandem with an ERISA claim.

**II.  INTRODUCTION**

Plaintiffs bring this action against United asserting two theories, a claim for additional benefits under ERISA § 502(a)(1)(B) and a common law quantum meruit claim.  Plaintiffs should not be allowed to have their cake and eat it too—they cannot allege a common law theory of relief and also claim that they are entitled *to the same benefits under ERISA*.  United moves to dismiss Plaintiffs' redundant quantum meruit claim so this ERISA benefits dispute can be resolved on the merits.

As detailed herein, Plaintiffs' quantum meruit claim should be dismissed for three reasons: (1) Plaintiffs' reliance on the Knox-Keene Act is inapplicable here; (2) the claim is expressly preempted by ERISA; and (3) Plaintiffs' SAC lacks factual allegations to state a cognizable claim.  Plaintiffs' quantum meruit claim cannot be cured and should be

dismissed with prejudice.

## III.    BRIEF BACKGROUND AND ALLEGATIONS

Plaintiff Richelle Talbot ("Talbot"), a "resident of the State of California," allegedly received emergency medical services on June 16, 2021 at Marina del Rey Hospital from the Plaintiffs Emsurgcare and Emergency Surgical Assistance (collectively, "Medical Provider Plaintiffs").  (SAC ¶¶ 8, 34.)  Plaintiffs allege that the Medical Provider Plaintiffs "submitted a total bill for over $93,500.00 to [United]" and "United processed Medical Provider' bills and determined that $2,254.07 would be paid." (*Id.* ¶¶ 36–37.)

Plaintiffs aver an entitlement to "the lesser of [Medical Providers Plaintiffs'] billed charges or the then-current usual, customary, and reasonable rate."  (*Id.* ¶ 25.)  Plaintiffs allege that because the Medical Provider Plaintiffs are "out-of-network," and without negotiated rates subject to a contract, benefits under the Plan should be paid at "total billed charge[s] for the services rendered," or $93,500.00.  (*Id.* ¶¶ 16–17, 36.)  Plaintiffs allege that "the medical providers have no obligation to reduce their charges," (*id.* ¶ 17), and cite to certain California regulations they suggest dictate "amounts that should be paid for services rendered by non-contracted providers by insurers in California," (*id.* ¶ 23), without providing context as to how those regulations apply here and/or how those regulations were violated.  Plaintiffs allege that "$2,254.07 is far less than the UCR value of Medical Providers' services."  (*Id.* ¶ 38.)

Throughout the SAC, Plaintiffs reference the Plan, the Plan's terms, and the expectation to be paid additional benefits under the Plan.  (*See, e.g., id.* ¶¶ 2, 15, 17, 19, 23, 29, 30, 35, 42, 43, 49, 55, 64–67.)  Plaintiffs allege that United has "not provided [Talbot] with the benefits owed to [her] under [her] health plan."  (*Id.* ¶ 29.)  Plaintiffs also allege that Talbot's "health plan at issue in this litigation is a health plan governed by [ERISA]."  (*Id.* ¶ 30.)

Talbot received health benefits through Pyure Brand LLC.  (SAC ¶ 12.)  Talbot was a participant of the Plan in 2021.  (Declaration of Jane Stalinski ("Stalinski Decl."), ¶

2

4; United's Request for Judicial Notice ¶ 4.)

Plaintiffs allege that Pyure Brand LLC is the Plan Sponsor. (SAC ¶ 1.) Plaintiffs also allege that United is the claims administrator, is and was licensed to do business in and was doing business in the State of California, and is subject to the laws and regulations of the State of California. (*Id.* ¶ 3.) United is a claims administrator governed by the California Insurance Code and licensed by the Insurance Commissioner of the State of California. (Stalinski Decl., ¶ 6; RNJ ¶ 5.) The Plan provides that "Emergency Health Care Services" are "Covered Health Care Services for which the Plan pays benefits," subject to certain exclusions and limitations. (Stalinski Decl. ¶ 7; RJN ¶ 6.) United's obligation to pay for medical services—emergent or not—is governed by the terms of the Plan. (Stalinski Decl. ¶ 8; RJN ¶¶ 2 (Ex. A, generally), 7.)

Plaintiffs assert two causes of action against United: (1) under ERISA § 502(a)(1)(B) for benefits; and (2) a quantum meruit claim seeking the same relief as Plaintiffs' ERISA claim. United moves to dismiss Plaintiffs' quantum meruit claim.

## IV.   ARGUMENT

### A.   Standard of Review.

Motions to dismiss brought under Fed. R. Civ. P. 12(b)(6) are an "important mechanism for weeding out meritless claims" in ERISA cases. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). To survive a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While courts must accept facts alleged in the complaint, it need not accept legal conclusions. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). In fact, conclusory allegations or legal conclusions masquerading as factual allegations will not defeat a motion to dismiss. *See Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th

3

Cir. 1996); *see also Iqbal*, 556 U.S. 678-79 (noting that "the doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions."). The Court also need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

The Ninth Circuit authorizes courts to consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (citations omitted); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) ("Our relevant case law has recognized consistently that the district court may, but is not required to incorporate documents by reference." (citations omitted)). And fundamentally, courts are permitted to consider ERISA plan documents, even on a motion to dismiss, when plaintiff refers to them in the complaint. *See Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 943 n.1 (9th Cir. 2008).

**B.    Plaintiffs' Quantum Meruit Claim Should Be Dismissed with Prejudice.**

As set forth above, Plaintiffs' quantum meruit claim should be dismissed for three reasons: (1) Plaintiffs' reliance on the Knox-Keene Act is inapplicable here; (2) the state law claim is expressly preempted by ERISA; and (3) Plaintiffs fail to state a cognizable claim. A claim for quantum meruit reflects the principle that "the law implies a promise to pay for the service performed under circumstances disclosing that they were not gratuitously rendered." *Port Med Wellness, Inc. v. Conn. Gen. Life Ins. Co.*, 24 Cal. App. 5th 153, 180 (2018) (quoting *Huskinson & Brown v. Wolf*, 32 Cal. 4th 453, 458 (2004)). To state a cognizable claim for quantum meruit, a plaintiff must allege that: (1) the plaintiff acted pursuant to an explicit or implied request for the services by the defendant; and (2) the services conferred a benefit on the defendant. *Id.* (citing *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 249 (2002)).

///

### 1. *Plaintiffs' Reliance On The Knox-Keene Act Is Misplaced.*

The Medical Provider Plaintiffs rely on the Knox-Keene Act to argue a requirement to pay what they deem is the "UCR" value of emergency services (their billed charges). However, United HealthCare Services, Inc. is *not* a health care service plan that is subject to the Knox-Keene Act. Rather, United HealthCare Services, Inc. is a claims administrator that is regulated by the California Department of Insurance and governed by the Insurance Code. *See* Health and Saf. Code § 1343(e)(1) (stating that Health and Safety Code provisions do not apply to insurance companies/claims administrators); *see also* Stalinski Decl. ¶ 6; RJN, 5. *See Ata Mazaheri, M.D., Inc. v. UnitedHealthcare Ins. Co.*, 2023 WL 5167362 (C.D. Cal. July 10, 2023) (citing *Smith v. PacifiCare Behavioral Health of Cal., Inc.*, 93 Cal. App. 4th 139 (2001)).

In *Namdy Consulting Inc.*, a court held that UnitedHealthcare Insurance Company "is not a Health Care Service Plan governed by the Knox-Keene Act, but an Insurance Provider properly registered with the California Department of Insurance and governed by the California Insurance Code." *Namdy Consulting Inc. v. UnitedHealthcare Ins. Co.*, 2018 WL 6507890, at *3 (C.D. Cal. Dec. 7, 2018). Like, UnitedHealthcare Insurance Company, movant (defendant United HealthCare Services, Inc.) is not a Health Care Service Plan governed by the Knox-Keene Act. (Stalinski Decl. ¶ 6; RJN ¶ 5.) This is dispositive of Plaintiff's quantum meruit claim.

The court in *Namdy* further held that because the "plaintiff fails to provide any non-conclusory, factual allegations supporting the application of this Act or its exception to Defendant," a claim for quantum meruit must be dismissed. *Id.* Here, Plaintiffs do not sufficiently allege that United is a Health Care Service Plan governed by the Knox-Keene Act. To the extent that Plaintiffs rely on *Bell v. Blue Cross of California*, 131 Cal. App. 4th 211 (2005) for the proposition that a health care service plan governed by the Knox-Keene Act has an obligation under Health & Safety Code Section 1371.4 to reimburse emergency room physicians, this matter is inapposite. *See Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc.*, 2021 WL 2139416, at *6 (C.D. Cal. May 26, 2021)

("Accordingly, the Complaint does not sufficiently allege that ALIC is a 'health care service plan' within the meaning of the Knox-Keene Act.  Because ALIC's status as a health care service plan is the premise of each of Plaintiff's causes of action, the Complaint does not state a claim against ALIC.").  Because neither the Knox-Keene Act of 1975 nor the Cal. Health & Safety Code § 1371.4 apply as a matter of law, they cannot form the basis of Plaintiffs' quantum meruit claim.

Recently, a court in this district found that the Knox-Keene Act does not apply to United where emergency services are central to a quantum meruit claim.  *See Ata Mazaheri*, 2023 WL 5167362 at *6.  There, the court analyzed to what extent providers may bring claims based in quantum meruit for unrequested emergency services rendered based on the provider's statutory requirement to provide such services, and where the third-party payor is *not* subject to the Knox-Keene Act.  *Id.*  The court responded in the negative and held United's obligation to pay for emergency services "must be governed by the rates in the relevant insurance policies."  *Id.* at *9.  The court granted United's motion to dismiss as to the plaintiff's quantum meruit claim.  *Id.* at *10.

The reasoning in *Ata Mazaheri* should result in the dismissal of Plaintiffs' quantum meruit claim here.

### 2.      *Plaintiffs' Quantum Meruit Claim Is Preempted By ERISA.*

Plaintiffs' quantum meruit claim is expressly preempted by ERISA.  Plaintiffs' efforts to focus on the Knox-Keene Act—attempting to circumvent ERISA preemption—is unavailing for one simple reason: courts have recognized that ERISA § 514(a) expressly preempts the Knox-Keene Act when employee benefit plans—like the ERISA-governed Plan here—are implicated.  *See Hewlett-Packard Co. v. Barnes*, 425 F. Supp. 1294, 1297 (N.D. Cal. 1977) ("Although defendant finds the phrase 'relate to' 'vague and ambiguous,' the Court doubts that Congress could have chosen any more precise language to express its intent to preempt a state statute such as Knox-Keene insofar as it seeks to regulate ERISA-covered employee benefit plans such as those maintained by plaintiffs."), *aff'd*, 571 F.2d 502, 504 (9th Cir. 1978) ("The clear wording of section 514

and the relevant legislative history show that Congress unmistakably intended ERISA to preempt a state law such as Knox-Keene that directly regulates employee benefit plans.”).

It is undeniable that United's obligation to reimburse benefits for the at-issue emergency services exists only because of its administration of Plan.[1]  Because the Medical Provider Plaintiffs' quantum meruit claim "relates to" the administration and enforcement of the ERISA-governed Plan, it is preempted by ERISA § 514(a).  *See, e.g.*, *Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.*, 2013 WL 11323600, at *10 (C.D. Cal. Mar. 12, 2013) (holding that a quantum meruit claim against a plan administrator was necessarily preempted by ERISA); *Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 386-87 (5th Cir. 2011) (finding that quantum meruit claims against plan administrators are necessarily preempted by ERISA because if those claims were not preempted, it "would allow any provider who has provided care for which the ERISA plan denied coverage to challenge the ERISA plan's interpretation of its policies in state court."); *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) (holding that § 514(a) preempted the plaintiffs' state-law claims because those claims "spring from the handling and disposition of [a] medical benefits insurance claim"); *Vrijesh S. Tantuwaya MD, Inc. v. Anthem Blue Cross Life & Health Ins. Co.*, 169 F. Supp. 3d 1058, 1069–70 (S.D. Cal. 2016).

Courts in this district routinely find that when a claim is dependent on the existence of an ERISA plan, it is preempted.  *Korman v. ILWU-PMA Claims Off.*, 2019 WL 1324021, at *15 (C.D. Cal. Mar. 19, 2019).  Similar to *Korman*, Plaintiffs' "requested relief under the state law cause[] of action is the payment of the claims

---

[1] In *Summit Estate v. United Healthcare Ins. Co.*, plaintiff—a substance abuse treatment provider—alleged it was entitled to payment at usual, reasonable and customary rates by defendant, an insurance company.  2020 WL 5436655, at *7 (N.D. Cal. Sept. 10, 2020).  The Court granted defendant's motion for judgment on the pleadings with respect to plaintiff's quantum meruit claim on the grounds that the operative complaint was "devoid of any allegations that raise the inference that United itself requested that Summit Estate provide substance-abuse-treatment services to United-insured patients."  *Id*.  The same rationale applies here.

7

Defendant denied"—this is obvious here, as an ERISA claim is asserted in the SAC. *Id.*; *see also Sender v. Franklin Res., Inc.*, 2011 WL 5006460, at \*17 (N.D. Cal. Oct. 20, 2011) (dismissing claims as preempted because "although Plaintiff's claim is not dependent on interpreting the terms of the ERISA plan, it is dependent on the existence of the ERISA plan and required distribution of benefits from that plan"); *Wise v. Verizon Comm'ns Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010); *Josef K. v. Cal Physicians' Serv.*, 2019 WL 2342245, at \*3 (N.D. Cal. June 3, 2019).  Nor does it matter that emergency services are involved.  *See Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1226 (9th Cir. 2005) (Plaintiff brought a cause of action to enforce Health & Safety Code Section 1371.4, the court nevertheless held that any duty arising under that section to "reimburse [plaintiff] for the emergency medical care he received . . . would exist here only because of [the defendant-insurer's] administration of ERISA-regulated benefit plans." (internal quotations omitted)).

Plaintiffs' SAC, when discussing both the quantum meruit claim and ERISA claim, contains "extensive allegations about both the existence and role of [] insurance coverage." *California Surgery Ctr, Inc. v. UnitedHealthcare, Inc.*, No. 2021 WL 4196976, at \*2 (C.D. Cal. Sept. 15, 2021).  Plaintiffs' quantum meruit claim is preempted by ERISA.

### 3. *Plaintiffs Do Not Allege Facts Establishing A Common Law Quantum Meruit Claim*.

Plaintiffs do not allege facts establishing a common law quantum meruit claim: they do not allege that United requested the Medical Provider Plaintiffs perform the at-issue services and/or that United received any intended benefit from such services.  *See Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, 2017 WL 4517111, at \*11 (N.D. Cal. Oct. 10, 2017); *see also Namdy Consulting*, 2019 WL 1470849, at \*4; *Barlow Respiratory Hospital v. Cigna Health & Life Insurance Company*, 2016 WL 7626446, at \*3 (C.D. Cal. Sept. 30, 2016) ("It is undisputed that Defendant did not request that Plaintiff provide C.S. with medical services.  Rather, C.S. requested medical services

from Plaintiff, who then contacted Defendant to verify C.S.'s coverage eligibility.  The undisputed facts thus show that Plaintiff cannot establish the third element of its quantum meruit claim.").

For this additional reason, the Court should dismiss Plaintiff's quantum meruit claim, as Plaintiffs fail to state a cognizable claim.

## V.   CONCLUSION

United respectfully requests dismissal of Plaintiffs' quantum meruit claim with prejudice.  If Plaintiffs' quantum meruit claim is dismissed with prejudice (as it should be), then United respectfully requests that the jury demand be stricken.  *See Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991 (9th Cir. 2000) (affirmed the district court's rejection of the ERISA plaintiff's demand for a jury trial, holding that the Seventh Amendment does not require that a jury trial be afforded for ERISA claims).

DATED: September 15, 2023                    Respectfully submitted,

                                             SEYFARTH SHAW LLP

                                             */s/ Kathleen Cahill Slaught*
                                             Kathleen Cahill Slaught
                                             Ryan Tikker

                                             Attorneys for Defendant
                                             UNITED HEALTHCARE SERVICES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I caused the a copy of DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFFS' QUANTUM MERUIT CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6) AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

PARTIAL MOTION TO DISMISS PLAINTIFFS' SAC