SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

Ryan R. Tikker (SBN 312860)
rtikker@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
UNITED HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHELLE TABLOT, EMSURGCARE, and EMERGENCY SURGICAL ASSISTANT,<br><br>                      Plaintiffs,<br><br>        v.<br><br>PYURE BRANDS LLC WELFARE BENEFIT PLAN, PYURE BRANDS LLC, UNITED HEALTHCARE SERVICES, INC., and DOES 1-10,<br><br>                      Defendants. | Case No. 2:23-cv-06137-SB-E<br><br>**DECLARATION OF KATHLEEN CAHILL SLAUGHT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' QUANTUM MERUIT CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6) AND TO STRIKE**<br><br>Amended Complaint: September 1, 2023<br><br>Date: October 20, 2023<br>Time: 8:30 a.m.<br>Place: U.S. Courthouse, 350 West 1st Street, Los Angeles, California 90012, Courtroom 6C<br><br>[*Filed concurrently with Motion to Dismiss, Request for Judicial Notice, Declaration of Jane Stalinski and [Proposed] Orders*] |

1

DECLARATION OF KATHLEEN CAHILL SLAUGHT IN SUPPORT OF MOTION TO DISMISS

I, Kathleen Cahill Slaught, declare as follows:

1.     I am an attorney licensed to practice law in the State of California, and a partner with the law firm of Seyfarth Shaw LLP, counsel for Defendant United HealthCare Services, Inc. ("United").  I have knowledge of the facts set forth below, based on certain firsthand knowledge, as well as information received and reviewed in connection with this matter.

2.     On August 25, 2023 and again on September 8, 2023, I, together with my colleague, Seyfarth Shaw LLP associate Ryan R. Tikker, met and conferred with counsel for Plaintiffs, Jonathan Stieglitz, regarding the bases of United's Motion to Dismiss Plaintiffs' Quantum Meruit Claim in the Second Amended Complaint ("Motion to Dismiss").

3.     Prior to the conference of counsel on August 25, 2023, we informed Plaintiffs' counsel, Mr. Stieglitz, of the arguments set forth in the Motion to Dismiss.

4.     We proposed a stipulation to resolve the need for the Motion to Dismiss.

5.     We further provided proof to Plaintiffs' counsel—the operative ERISA-governed health plan, which provides the name of the claims administrator as relevant to resolving the quantum meruit claim as pleaded by Plaintiffs' counsel, on August 23, 2023.

6.     After the conference of counsel, we summarized the conferral and restated the grounds for the Motion to Dismiss, which also included ERISA preemption and the fact that United is not a Health Care Service Plan governed by the Knox-Keene Act.

7.     Plaintiffs' counsel cured certain deficiencies outlined in the Parties' meet and confer, but disagreed that their quantum meruit claim should be dismissed.

8.     We have been diligent in our efforts to confer to avoid this Motion to Dismiss, however, Plaintiffs' counsel has not agreed to dismiss their quantum meruit claim.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct.

2

Executed on September 15, 2023 in San Francisco, California.


*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

DECLARATION OF KATHLEEN CAHILL SLAUGHT IN SUPPORT OF MOTION TO DISMISS

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I caused the a copy of DECLARATION OF KATHLEEN CAHILL SLAUGHT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' QUANTUM MERUIT CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6) AND TO STRIKE to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

DECLARATION OF KATHLEEN CAHILL SLAUGHT IN SUPPORT OF MOTION TO DISMISS