UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHELLE TALBOT et al., <br><br> Plaintiffs, <br><br> v. <br><br> PYURE BRANDS LLC WELFARE BENEFIT PLAN et al., <br><br> Defendants. | Case No. 2:23-cv-06137-SB-PVC <br><br> ORDER TO SHOW CAUSE RE SANCTIONS |

  In its order granting Defendant United Healthcare Services Inc.'s (UHS) motion to dismiss in part Plaintiffs' Second Amended Complaint (SAC), the Court described its concerns about Plaintiffs' counsel's handling of the case, gave several examples of counsel's carelessness and errors, and "cautioned [him] that further carelessness or disregard for the Court's orders may result in the issuance of an order to show cause why he and his clients should not be sanctioned." Dkt. No. 47 at 6. Plaintiffs' counsel then failed to appear as required at the post-settlement status conference (PSSC) on December 1. Additionally, Plaintiffs in their Third Amended Complaint (TAC) repeated an error specifically identified in the Court's order dismissing their SAC, *see id.* at 1 n.1 (noting discrepancy between Pyure Defendants' names in caption of complaint and in its body), which has led to still further complications in obtaining defaults against the Pyure Defendants. The clerk's office has now issued a total of five notices of deficiency in response to Plaintiffs' filings regarding the Pyure Defendants. Plaintiffs' carelessness, including counsel's failure to appear as ordered at the PSSC, imposes unnecessary burdens on the Court and opposing counsel. Counsel's repeated errors in connection with the Pyure Defendants also raise questions whether Plaintiffs' claims against them should be dismissed for lack of prosecution.

1

      Consistent with the Court's prior warning, Plaintiffs are ORDERED to show cause at an in-person hearing on December 8, 2023, why they and their counsel should not be subject to sanctions, including monetary sanctions and dismissal of their claims, for failing to appear at the December 1 PSSC, and why their claims against the Pyure Defendants should not be dismissed for lack of prosecution. Failure to appear at the December 8 hearing will be deemed as consent to the dismissal of this case in its entirety without prejudice. Plaintiffs shall file a written response to this order to show cause (OSC), supported by a declaration of counsel, no later than December 5, 2023. In his declaration, counsel shall state whether he has ever been the subject of sanctions or an OSC for failing to follow any court rule or order. Plaintiffs should also meet and confer with defense counsel to attempt to reach agreement on the amount of defense counsel's fees for attending the PSSC at which Plaintiffs failed to appear. Counsel shall include the results of these discussions in Plaintiffs' OSC response and indicate whether Plaintiffs have already reimbursed defense counsel for those fees.

      The Court additionally VACATES the hearings on UHS's motion to dismiss Plaintiffs' quantum meruit claim and motion for judgment on Plaintiffs' ERISA claim, which are set for December 22 and 15, respectively.[1] The remaining briefing deadlines for both motions remain unchanged. The Court will decide whether to reset the motions for hearing after ruling on the OSC and reviewing the complete briefing.

      IT IS SO ORDERED.

Date: December 1, 2023

                                                    Stanley Blumenfeld, Jr.
                                                  United States District Judge

---

[1] In connection with its Rule 52 motion, UHS sought to file portions of its submissions under seal. The Court has not yet received courtesy copies of the two submissions on sealing, Dkt. Nos. 53, 54, which should be provided to the Court no later than December 5.